# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:09-CV-92

| | |
|---|---|
| MATT JENKINS,    )  | |
|     Plaintiff,    ) | |
|                ) | |
| v.    ) | **ORDER** |
|                ) | |
| RECEIVABLES PERFORMANCE    ) | |
| MANAGEMENT, LLC,    ) | |
|     Defendant.    ) | |

**THIS MATTER** is before the Court on Defendant Receivables Performance Management's ("RPM") Motion to Dismiss Plaintiff Matt Jenkins's ("Jenkins") claim for punitive damages (Document #5) and Memorandum in Support (Document #6), filed October 20, 2009; Plaintiff's Response in Opposition (Document #7), filed October 26, 2009; and Defendant's Reply (Document #8), filed November 11, 2009. This matter is ripe for disposition.

## BACKGROUND

The issue before the court is whether Plaintiff sufficiently stated a claim for punitive damages against Defendant to survive a Federal Rules of Procedure 12(b)(6) motion to dismiss.

On August 10, 2009, Plaintiff filed a pro-se complaint in this Court asserting nine different causes of actions against Defendant for violations of the federal Telephone Consumer Protection Act (§47 U.S.C. et. seq.), North Carolina General Statutes § 58-70-90 et. seq., the

1

Federal Fair Debt Collection Practices Act (15 U.S.C § 1692 et. seq.), the tort of "intrusion of seclusion," and punitive damages. (Compl. ¶¶ 21-55.)

Plaintiff claims that Defendant, in an effort to collect a debt from Plaintiff, placed telephone calls to his telephone using an automatic telephone dialing system or an artificial or pre-recorded voice. (Compl. ¶ 8.) Plaintiff states that the calling party "blocked their caller identification, transmitted a phony caller identification, and hung up on Plaintiff when Plaintiff answered the phone." (Compl. ¶10). Defendant then left messages on Plaintiff's phone without first identifying itself as a state-registered business or disclosing that it was a debt collector. (Compl. ¶¶ 11-12.) Plaintiff stated that he told an RPM customer service representative that he had previously been a victim of identity theft and that he had filed a police report regarding the account that was subject to the debt RPM was trying to collect. (Compl. ¶ 18.)

With respect to the facts central to this motion, Plaintiff stated that RPM committed the tort of intrusion of seclusion by continually harassing the Plaintiff with telephone calls several times a day. (Compl. ¶ 48.) Plaintiff claimed that RPM made these phone calls with "fraud, malice, and willful or wanton conduct." (Compl. ¶ 51.)

## DISCUSSION

### A. Standard of Review

When deciding a motion to dismiss pursuant to Rule 12(b)(6), the Court must view the facts "in the light most favorable to the plaintiff." Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008). However, the Court "need not accept the legal conclusions drawn from the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." Id. To

survive a motion to dismiss under Rule 12(b)(6), the allegations must provide "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). The factual allegations "must be enough to raise a right to relief above a speculative level." Id. at 555.

Furthermore, the complaint must contain more than a mere "formulaic recitation of the elements of a cause of action." Ashcroft v. Iqbal, 129 U.S. 1937, 1949 (2009). In considering the plausibility of a claim, the Court must disregard conclusory statements unsupported by factual allegations. Id. at 1950. However, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.

**B. Discussion**

Plaintiff's claim for punitive damages will be dismissed because Plaintiff has failed sufficiently to state plausible factual allegations to enable him to recover punitive damages. Under North Carolina General Statute §1D-15, to recover punitive damages against a corporate defendant, a plaintiff must prove (1) that the defendant committed the alleged injury with "fraud, malice, or willful or wanton misconduct," and (2) that "an officer, director, or manager of the corporation participated in or condoned the conduct constituting the aggravating factor giving rise to punitive damages." (2010).

First, Plaintiff has not pled any factual allegations that the Defendant engaged in any "fraud, malice, or willful or wanton misconduct." A party need only show one of the aggravating factors to recover punitive damages. Williams v. Boylan-Pearce, Inc., 69 N.C. App. 315, 320,

(1984), aff'd per curiam, 313 N.C. 321 (1985). The North Carolina General Assembly defines malice as "a sense of personal ill will toward the [plaintiff] that … incited the defendant to …undertake the conduct that resulted in harm to the [plaintiff]." N.C. Gen. Stat. § 1D-5(5) (2007); see Scarborough v. Dillard's, Inc., 2009 WL 4725738, at* 9 (N.C. 2009) (holding that defendant did not act with malice when he reprimanded Plaintiff for referring a customer to another shoe store.) Additionally, willful or wanton means the "conscious, and intentional disregard of and indifference to the rights and safety of others, which the defendant knows or should know is reasonably likely to result in injury, damage, or other harm." N.C. Gen. Stat. §1D-5(7) (2007); see Scarborough v. Dillard's Inc., 2009 WL 4725738, at *8 (holding that an employer's failure to fully investigate an incident before causing an employee to be prosecuted for embezzlement is not sufficient for a finding of reckless and wanton disregard of the employee's rights).

In this case, Plaintiff failed to allege any facts to substantiate his claim for punitive damages other than a recitation of the "fraud, willful, and wanton" language in Complaint ¶ 51. This is a mere "formulaic recitation of the elements of the cause of action" that is not supported by any other factual allegations. Iqbal, 129 S.Ct. at 1949. Thus, the Court must disregard it. Id.

Second, Plaintiff never alleged that an officer, director, or manager of RPM participated in or condoned the activities of RPM constituting the aggravating factor(s) giving rise to Plaintiff's claim for punitive damages. In Phillips v. Rest. Mgmt. of Carolina, L.P., the court held that a plaintiff's claim for punitive damages against a corporate defendant failed because the plaintiff failed to forecast any credible evidence that any officer, director, or manager of the defendant corporation participated in or condoned any fraudulent, malicious, or willful or wanton act that might provide the basis for punitive damages. 146 N.C. App. 203, 216 (2001).

Since Plaintiff failed to allege one of the central elements necessary to recover punitive damages against a corporate defendant, he has not stated a claim for punitive damages that is "plausible on its face." Twombly, 550 U.S. at 570. Thus, Plaintiff's claim for punitive damages will be dismissed.

## CONCLUSION

Because Plaintiff has failed to sufficiently allege facts that would plausibly sustain a claim for punitive damages against Defendant under N.C. Gen. Stat. § 1D-15, the claim will be dismissed pursuant to Rule 12(b)(6).

**WHEREFORE**, for the foregoing reasons, RPM's motion to dismiss Plaintiff's claim of punitive damages is **GRANTED**.

Signed: September 1, 2010

Richard L. Voorhees
United States District Judge